UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| QUAGEN PHARMACEUTICALS, LLC, | : : : | Case No._____ |
| Plaintiff, | : : | NOTICE OF REMOVAL |
| v. | : : | |
| KANCHAN HEATHCARE INC, | : : | |
| Defendant. | : : : | |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, Kanchan Healthcare Inc ("Kanchan" or "Defendant"), hereby files this Notice of Removal and removes this action from the Superior Court of New Jersey, Law Division, Morris County, to the United States District Court for the District of New Jersey on the grounds that there is jurisdiction in this Court pursuant to 28 U.S.C. §§ 1331. In support of this Notice of Removal, Kanchan states as follows:

## I. INTRODUCTION

1.    On March 21, 2025, Plaintiff, Quagen Pharmaceuticals, LLC ("Quagen" or "Plaintiff"), filed a Complaint against Kanchan in the Superior Court of New Jersey, Law Division, Morris County, Docket No. MRS-L-000711-25 ("State Court Action").

2.    The Complaint asserts several causes of action, including a claim under the Defend Trade Secrets Act, 18 U.S.C. § 1832 et seq. ("DTSA").

3.    This Notice of Removal is timely filed within 30 days of Kanchan's receipt of the April 4, 2025 summons and initial pleading setting forth the claim for relief upon which this action is based, as required by 28 U.S.C. § 1446(b).

## II. FEDERAL QUESTION JURISDICTION

4.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Complaint includes a claim arising under federal law, specifically the DTSA.

5.    The DTSA provides a federal cause of action for the misappropriation of trade secrets related to a product or service used or intended for use in interstate or foreign commerce.

6.    Quagen alleges that its trade secrets have independent economic value and that Quagen has taken measures to protect its trade secrets which are protectable under trade secret and other law.

7. Quagen alleges that its trade secrets are related to products used or intended for use in interstate or foreign commerce, thus qualifying for protection under the DTSA.

8. The Complaint alleges that Kanchan misappropriated Quagen's trade secrets by using misrepresentations to obtain confidential information, which Kanchan allegedly then used to unfairly compete with Quagen, as well as allegations of the establishment of a competing office in Parsippany, New Jersey.

9. Quagen claims that Kanchan's actions have caused damage to Quagen, including legal, accounting, and other expenses of at least $176,000.

10. The allegations in the Complaint clearly present a federal question under the DTSA, thereby conferring jurisdiction upon this Court.

### III. PROCEDURAL REQUIREMENTS

11. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Kanchan in the State Court Action are attached hereto as **Exhibit A**.

12. There is no operative scheduling order or notice of event due dates in the State Court Action, with the exception of a discovery end date fixed in accordance with New Jersey Court Rules in connection with the track assignment associated with the case initiation.

13.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of New Jersey, Law Division, Morris County, and shall promptly be served upon counsel for Quagen.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the District of New Jersey encompasses Morris County, where the State Court Action is pending.

15.     By this Notice of Removal, Kanchan does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses it may have to this action.   In addition, no waiver and no admission of fact, law, or liability, including without limitation the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby preserved by Kanchan.

16.     Because the State Court Action is pending in the Superior Court of New Jersey, County of Morris, removal to this Court is proper under 28 U.S.C. § 1441(a). Therefore, the State Court Action is properly removed to this Court.

## IV. CONCLUSION

WHEREFORE, Defendant, Kanchan Healthcare Inc, respectfully requests that this action be removed from the Superior Court of New Jersey, Law Division, Morris County, to the United States District Court for the District of New Jersey,

and that this Court assume jurisdiction over this matter and issue such further orders

and processes as may be necessary to bring before it all parties necessary for trial.

Dated:   May 2, 2025                    ALBERGO, SHMARUK & KOFMAN, LLC


                                        By:   */s/ Damian L. Albergo*_____
                                        Damian L. Albergo, Esq.  (026262000)
                                        15 Warren Street, Suite 20
                                        Hackensack, New Jersey 07601
                                        (201) 354-4999 Telephone
                                        dalbergo@asklawfirm.com

                                        *Attorneys for Defendant*
                                        *Kanchan Healthcare Inc*

# EXHIBIT "A"

**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
**John A. Stone, Esq. (Attorney ID: 041351985)**
61 S. Paramus
Road Paramus,
New Jersey 07652
(201) 928-1100
*Attorneys for Plaintiff,  Quagen Pharmaceuticals, LLC*

| | |
|---|---|
| QUAGEN  PHARMACEUTICALS, LLC<br><br>Plaintiff,<br><br>v.<br><br>KANCHAN HEALTHCARE, INC.<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MORRIS COUNTY<br>DOCKET NO:<br><br>CIVIL  ACTION<br><br>**COMPLAINT** |

### PARTIES

1.      Plaintiff Quagen Pharma ("Quagen") is a limited liability company of the State of

New Jersey with  offices located at 11 Patton Drive, West Caldwell, NJ 07006.

2.      Defendant Kanchan Healthcare, Inc. ("Kanchan") a Delaware Corporation with

offices located at 4 Susan Court, Manalapan, New Jersey 07726-8367 and,

upon information and belief, new offices in Parsippany, New Jersey

### FIRST COUNT
### (Fraud in the Inducement)

3.      Plaintiff repeats and realleges the prior allegations of this Complaint and

incorporates them herein as if set forth at length.

4.      During the Summer of 2024 through December, 2024, Rakesh Shah and

2

10002915

Vishwhwar, partners of Kanchan, represented and promised Ashish Shah, CEO of Quagen, that Kanchan could and intended to enter into an agreement ("Binding Term Sheet") with Quagen to acquire from Quagen all of its business assets ("Asset Purchase") for the purpose, among other things, of operating an office in New Jersey for remote or overseas manufacturing ("Misrepresentations").

5.      Kanchan made its Misrepresentations with the intention that Quagen rely on those Misrepresentations, so that Quagen would enter into (a) enter into a nondisclosure agreement ("NDA") with Kanchan and obtain all of Quagen's Trade Secrets (as defined hereinbelow); (b) enter into an NDA with Effectus Group, LLC ("Effectus") to whom Quagen would provide Quagen's confidential, proprietary and/or trade secret information to enable Effectus to perform due diligence on behalf of Kanchan in furtherance of the Asset Purchase or  acquisition of an all of Quagnen's assets, and (c) an agreement with Kanchan and Wiss & Company, LLP ("Wiss") for Wiss to provide Kanchan and Effectus with access to information and working papers prepared in connection with a review of Quagen and Quagen's 2023 tax returns, and other information ("Access Agreement") in furtherance of  the Asset Purchase or acquisition of an all of Quagnen's assets.

6.      Quagen reasonably, detrimentally and foreseeably relied upon Kanchan's Misrepresentations by, among other things, providing Kanchan, per the NDAs and Access Agreement with books and records, data, information and know-how regarding the Quagen's assets and operations, including (but not limited to) (i) Quagen's market-share of certain products in the US and other territories and locations around the world, (ii) Quagen's pricing strategies for all of its generic products, (iii) Quagen's profit margins on all of its generic pharmaceutical products, (iv) Quagen's costs for active

3

10002915

pharmaceutical ingredients, excipients, bottles, 3PL providers, and shipping, and other related product development, manufacturing, shipping, and distribution information. Kanchan was given access to Quagen's approved Abbreviated New Drug Applications ("ANDAs") and filed ANDAs that were awaiting FDA approval, as well as the salaries of Quagen's employees, Quagen's internal organization chart, IT processes, payroll and banking records and financial statements and customer and marketing contracts (collectively, "Trade Secrets"). As part of the process, and in reliance of Kanchan's misinterpretations (including, but not limited to) in the NDA and Access Agreement Trade Secret and other information provided to Kanchan through discussions with Quagen's CEO, Managing Member and President, Ashish Shah, as well as his assistant.

7.      Kanchan Misrepresentations were knowingly false and made with the intention that Quagen rely on those Misrepresentations, so that Kanchan could among other things obtain Quagen's Trade Secrets and use those Trade Secrets to unfairly compete against Quagen. For example, and without limitation, Kanchan advised Trade Secrets by email dated December 26, 2024, and after wrongfully obtaining Quagen's Trade Secrets, that Kanchan was not "mature" enough "to manage a remote/overseas manufacturing facility" even through Kanchan was simultaneously working to create and commence an  office in Parsippany New Jersey, that directly competes with Quagen, using the Trade using Quagen's Trade Secrets.

8.      Quagen reasonably and detrimentally relied upon Kanchan's Misrepresentations by, among other things, providing Kanchan with Quagen's Trade Secrets.

9.      Kanchan's  Misrepresentations,  and  Quagen's  reasonable  reliance  upon Kanchan's Misrepresentations, have damaged Quagen by, without limitation, (i) causing

10002915

Quagen to incur legal, accounting and other expenses of at least $176,000 to commence an office in Parsippany New Jersey that directly competes with Quagen.

## SECOND COUNT
### (Misappropriation of Trade Secrets Under the Defend Trade Secrets Act, 18 U.S.C. § 1832 et seq.,)

10.     Plaintiff repeats and realleges the prior allegations of this Complaint and incorporates them herein as if set forth at length.

11.     Quagen's Trade Secrets have independent economic value, Quagen has taken reasonable measures to keep the Trade Secrets, and the Trade Secrets legally constitute trade secrets and are protectable under trade secret and other law.

12.     Quagen's Trade Secrets are related to a product or service used or intended for use in interstate or foreign commerce.

13.     Kanchan misappropriated Quagen's Trade Secrets using Kanchan's Misrepresentations so that Kanchan could wrongfully use the Quagen's Trade Secrets to unfairly compete with Quagen and has thereby and otherwise damaged Quagen.

## THIRD COUNT
### (Misappropriation of Trade Secrets Under the New Jersey Trade Secrets Act, N.J.S.A. § 56:15-1 et seq)

14.     Plaintiff repeats and realleges the prior allegations of this Complaint and incorporates them herein as if set forth at length.

15.     Quagen's Trade Secrets have independent economic and pecuniary value, Quagen has taken reasonable measures to keep its Trade Secrets secret.

16.     Quagen's Trade Secrets are related to a product or service used or intended for use in interstate or foreign commerce.

17.     Kanchan misappropriated Quagen's Trade Secrets using Kanchan's

10002915

Misrepresentations so that Kanchan could wrongfully use the Quagen's Trade Secrets to unfairly compete with Quagen and has thereby and otherwise damaged Quagen.

**FOURTH COUNT**
**(Common Law Misappropriation of Trade Secrets)**

18.     Plaintiff repeats and realleges the prior allegations of this Complaint and incorporates them herein as if set forth at length.

19.     Quagen's Trade Secrets have independent economic value, Quagen has taken reasonable measures to keep its Trade Secrets secret, and the trade secrets are protectable under trade secret and other law.

20.     Quagen's Trade Secrets are related to a product or service used or intended for u se in interstate or foreign commerce.

21.     Kanchan misappropriated Quagen's Trade Secrets using Kanchan's Misrepresentations to induce Quagen to disclose Quagen's information regarding to Kanchan.

22.     Kanchan misappropriated Quagen's Trade Secrets using Kanchan's Misrepresentations so that Kanchan could wrongfully use the Quagen's Trade Secrets to unfairly compete with Quagen and has thereby and otherwise damaged Quagen.

**FIFTH COUNT**
**(Breach of Contract)**

23.   Plaintiff repeats and realleges the prior allegations of this Complaint and incorporates them herein as if set forth at length.

24.     On or about December 13, 2024, Kanchan entered into a Binding Term Sheet with Quagen.

25.     Kanchan breached the Binding Term Sheet by, among other things, not

6

completing the Asset Purchase and using Quagen's Trade Secrets to establish and operate an office in Parsippany New Jersey that competes with Quagen and has thereby and otherwise damaged Quagen.

## SIXTH COUNT
### (Common Law Unfair Competition)

26.   Plaintiff repeats and realleges the prior allegations of this Complaint and incorporates them herein as if set forth at length.

27.   Kanchan unfairly competed with Quagen by misappropriating in bad faith and through malicious conduct Quagen's Trade Secrets, which had commercial or pecuniary value.

28.   Kanchan misappropriated Quagen's Trade Secrets using Kanchan's Misrepresentations to induce Quagen to disclose Quagen's information regarding to Kanchan so that Kanchan could misappropriate and wrongfully use the Quagen's Trade Secrets.

29.   Kanchan's misrepresentations, and misappropriation, and use of Quagen's Trade Secrets to compete with Quagen constitutes unfair competition which has damaged Quagen.

## SEVENTH COUNT
### (Breach of Duty of Good Faith and Fair Dealing)

30.   Plaintiff repeats and realleges the prior allegations of this Complaint and incorporates them herein as if set forth at length.

31.   The Binding Term Sheet contained and imposed on Kanchan an implied duty of good faith and fair dealing.

32.   Kanchan maliciously breached its duty of good fairness in dealing implied in the

7

Binding Term Sheet by, among other things, frustrating and preventing Quagen from receiving its reasonable expectation that Kanchan would not use Quagen's Trade Secrets to compete with Quagen, including by Kanchan establishing and operating an office in Parsippany New Jersey that uses the Trade Secrets to compete with Quagen.

33.    Kanchan's breaches of its implied duty of good faith and fair dealing under the Binding Term Sheet have damaged Quagen.

## EIGHT COUNT
### (Negligent Misrepresentation)

34.    Plaintiff repeats and realleges the prior allegations of this Complaint and incorporates them herein as if set forth at length.

35.    Kanchan's Misrepresentations to Quagen were material and negligently made to Quagen.

36.    Quagen reasonably and detrimentally relied upon Kanchan's Misrepresentations by, among other things, providing Kanchan with Quagen's Trade Secrets.

37.    Quagen's reasonable reliance upon Kanchan's Misrepresentations has damaged and caused Quagen to suffer an ascertainable loss or injury by, without limitation, causing Quagen to incur legal, accounting and other expenses of at least $176,000 and to provide Trade Secrets, which Kanchan has used to commence a directly competing office in Parsippany, New Jersey.

**WHEREFORE**, Plaintiff demands Judgment against Defendant for

(a) actual and direct damages;

(b) consequential damages;

(c) Punitive damages,

(d) Royalty damages,

(e) Unjust enrichment, cost avoidance, and head start damages,

(f) Seizure

(g) Preliminary and permanent injunctive relief,

(h) attorneys fees and costs

(i) such further relief as this Court shall deem just and equitable.

> **DECOTIIS, FITZPATRICK, COLE & GIBLIN,**
> **LLP** *Attorneys for Plaintiff*
>
> By: _____
>      John A. Stone, Esq.

Dated: March 20, 2025

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:35-1, Douglas F. Doyle, Esq. is hereby designated as trial counsel for Plaintiff.

> **DECOTIIS, FITZPATRICK, COLE & GIBLIN,**
> **LLP** *Attorneys for Plaintiff*
>
> By: _____
>      John A. Stone, Esq.

Dated: March 20, 2025

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify in accordance with Rule 4:5-1 that to the best of my knowledge, as of the date herein, there are no other proceedings either pending or contemplated with respect to the

9

10002915

matter in controversy in this action and there are no other parties who should be joined in this action.

DECOTIIS, FITZPATRICK, COLE & GIBLIN,
**LLP** *Attorneys for Plaintiff*

By: _____
John A. Stone, Esq.

Dated: March 20, 2025

## CERTIFICATION PURSUANT TO R. 1:38-7(b)

Pursuant to Rule. 1:38-7(b), I hereby certify that all personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the further in accordance with Rule. 1:38-7(b).

DECOTIIS, FITZPATRICK, COLE & GIBLIN,
**LLP** *Attorneys for Plaintiff*

By: _____
John A. Stone, Esq.

Dated: March 20, 2025

10

10002915

# Civil Case Information Statement

**Case Details: MORRIS | Civil Part Docket# L-000711-25**

**Case Caption:** QUAGEN PHARMACEUTICA LS, LLC  VS
KANCHAN HEALTHCA

**Case Initiation Date:** 03/21/2025

**Attorney Name:** JOHN A STONE

**Firm Name:** DE COTIIS FITZPATRICK COLE & GIBLIN LLP

**Address:** 61 S PARAMUS RD STE 250

PARAMUS NJ 07652

**Phone:** 2019281100

**Name of Party:** PLAINTIFF : Quagen Pharmaceuticals, LLC

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** COMPLEX COMMERCIAL

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Quagen Pharmaceuticals,
LLC?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
           **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
           **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/21/2025
Dated

/s/ JOHN A STONE
Signed

MORRIS COUNTY SUPERIOR COURT
PO BOX 910
MORRISTOWN        NJ 07963

                              TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (862) 397-5700
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   MARCH 21, 2025
                    RE:     QUAGEN PHARMACEUTICA LS, LLC  VS KANCHAN HEALTHCA
                    DOCKET: MRS L -000711 25

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

    DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE MANAGING JUDGE ASSIGNED IS:  HON STEPHAN C. HANSBURY

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (862) 397-5700 EXT 75351.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.
                    ATTENTION:
                         ATT: JOHN A. STONE
                         DE COTIIS FITZPATRICK COLE & G
                         61 S PARAMUS RD
                         STE 250
                         PARAMUS        NJ 07652

ECOURTS

**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
John A. Stone, Esq. (Attorney ID: 041351985)
61 S. Paramus Road Paramus, New Jersey 07652
(201) 928-1100
*Attorneys for Plaintiff, Quagen Pharmaceuticals, LLC*

|  |  |
|---|---|
| QUAGEN PHARMACEUTICALS, LLC<br><br>Plaintiff,<br><br>v.<br><br>KANCHAN HEALTHCARE, INC.<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MORRIS COUNTY<br>DOCKET NO: M R S - L - 0 0 0 7 1 1 - 2 5<br><br>CIVIL ACTION<br><br>**SUMMONS** |

**THE STATE OF NEW JERSEY**
**TO THE ABOVE DEFENDANT**:

      **YOU ARE HEREBY SUMMONED** in a Civil Action in the Superior Court of New Jersey, instituted by the above-named plaintiff, and required to serve upon the attorneys for the plaintiff, whose name and office address appears above, an Answer to the Complaint within thirty-five [35] days after the service of the Summons and Complaint upon you, exclusive of the day of service. If you fail to answer, judgment by default may be rendered against you for the relief demanded in the Complaint. You shall promptly file your Answer and proof of service thereof in duplicate with the Deputy Clerk of the Superior Court of New Jersey, Law Division, Morris County Courthouse, 56 Washington St, Morristown, NJ 07960, in accordance with the Rules of Civil Practice and Procedure.

#10067751

If you cannot afford to pay an attorney, call the Legal Services Office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a County Lawyer Referral Service. These numbers may be listed in the Yellow Pages of your phone book or may be obtained by calling the New Jersey State Bar Association Lawyer Referral Service toll-free 800-792-8315 [within New Jersey] or 609-394-1101 [from out of State]. The phone numbers for the County in which this action is pending are: Lawyer Referral Service (201) 488-0044, Legal Services (201) 487-2166.

*/s/Michelle M. Smith*
**Michelle M. Smith, Esq.**
**Clerk of the Superior Court**

DATED: April 4, 2025

Name of defendant
to be served:                      Kanchan Healthcare, Inc.

Address for service:               1 Gate Hall Drive, Suite 202
                                   Parsippany, New Jersey 07054

#10067751